IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-0114-01-CR-W-ODS |
| ) | |
| STEPHEN B. BREWER, ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION OVERRULING DEFENDANT'S OBJECTIONS, ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND DENYING
DEFENDANT'S MOTION TO SUPPRESS

On April 4, 2008, the Honorable Sarah W. Hays, United States Magistrate Judge for this District, issued her Report and Recommendation (the "Report") recommending Defendant's Motion to Suppress (Doc. # 22) be denied. Defendant filed timely objections. Upon de novo review of the Record, the Court is persuaded that the Report's conclusions and resulting recommendation are correct.

The Report is detailed and thorough; it addresses each of several arguments Defendant makes in his Motion to Suppress. Defendant makes three specific objections to the Report's findings of fact. First, Defendant objects to the factual finding that S.B. said that Defendant had recently made statements *to her* that she should not say or do anything because he still had the pictures. Defendant asserts that instead, S.B. said she believed the pictures were still on the computer because she had overheard Defendant speaking to someone regarding the photographs but she could not remember who that individual was or in what context the conversation occurred. Doc. # 48 at p. 1.

Defendant has misstated the Report's finding. The Report states that S.B. said Defendant had recently "made statements" that she should not say or do anything because he still had the pictures. Doc. # 41 at p. 2, ¶ 1. The Report explains that in S.B.'s statement to Detective Raymer she stated that she could not remember whether

Defendant was speaking to her or whether she overhead Defendant make the statement. However, at the hearing Officer Hawley testified that S.B. took the conversation to be a threat to her. In other words, S.B. believed Defendant purposefully allowed her to overhear a telephone conversation in which he told someone that he had pictures of her stored on an external hard drive. Doc. # 41 at p. 28-29. The Report's factual finding on page 2, paragraph 1, is consistent with this explanation and is consistent with what Defendant says actually occurred. Defendant's objection is overruled.

Second, Defendant objects to the Report's finding that Justin Wadkins, S.B.'s boyfriend, had discovered child pornography while he was trying to help Mrs. Brewer change the background on the computer and transfer some files from it to a new laptop. Doc. # 41 at p. 7, ¶ 15. Rather, Defendant asserts that Justin Wadkins discovered the material while searching the laptop to find images after the officers had asked him to continue searching. Doc. # 48 at p. 2. Defendant's argument is based on a deposition that S.B. apparently gave in a lawsuit pertaining to the divorce of her parents; the transcript of that deposition was not presented as evidence in the suppression hearing. The Court finds that the evidence presented at the hearing supports the Report's finding. Specifically, Officer Hawley, Mrs. Brewer, Sergeant Raymer, and Sergeant Hicks testified that Justin Wadkins found the material on his own, without being instructed to search for it by law enforcement. Defendant's objection is overruled.

Third, Defendant repeats his first objection. The Report's factual finding contained on page 9, paragraph 16 recites the probable cause statement contained in the Affidavit/Application for Search Warrant dated January 17, 2006. This Affidavit states "Steven Brewer has recently told her the nude pictures of her are on an external hard drive." Again, the Report explains that Defendant may have made this statement to someone else, but while in S.B's presence and with the intent that she hear it. The Report accurately recites the Affidavit. The slight discrepancy between the Affidavit and S.B.'s statement to Detective Raymer is immaterial. Defendant's objection is again overruled.

Defendant next objects to "[a]ny other factual discrepancies as set forth in

defendant's Motion to Suppress Evidence." Without further specificity from Defendant, the Court cannot address this objection.

Defendant's next "objects to the Magistrate's legal conclusions as set forth in § III of Document 41, regarding each of the reasons the defendant argued in his Motion to Suppress Evidence (Doc. 22)." The Court agrees with the Report's legal conclusions. Again, without further specificity, the Court cannot address this objection in greater detail. For these reasons, the Report is adopted as the Order of the Court and Defendant's Motion to Suppress is denied.

IT IS SO ORDERED.

                                        /s/ Ortrie D. Smith
                                        ORTRIE D. SMITH, JUDGE
DATE: May 22, 2008                    UNITED STATES DISTRICT COURT